Sandra Cimo, Respondent, *v.* State of New York, Appellant. (Motion No. 2148.)

Fourth Department, July 8, 1953.

318

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* and *Wendell P. Brown* of counsel), for appellant.

*Charles J. Mistretta* for respondent.

WHEELER, J.   The State appeals from an order of a Special Term of the Court of Claims, granting respondent's motion, pursuant to section 10 of the Court of Claims Act, for permission to file a claim for damages to her real property.   The proposed claim is for alleged damages to the property of the respondent, none of which was appropriated, occasioned by a grade crossing elimination project in the village of Falconer, N. Y.   The authority for claims for damages of this character, and that upon which the present claim is founded, is the Grade Crossing Elimination Act (L. 1928, ch. 678).   Section 6 of that statute provides that claims for such damages may be '' presented to the court of claims   *   *   *   provided, however, that such claim is filed with the court of claims within six months after final approval of the elimination work by such commission.''

Although the date the project was finally approved does not appear in the record, the claimant concedes her claim was not filed within six months following the date of final approval of the project; otherwise, she would not be moving for permission to file a late claim.   We shall assume, as alleged by the claimant in her affidavit in support of her motion, that the work was completed on or about September 19, 1950, and also, as set forth in the proposed claim, that the claim is filed within two years after the claim accrued.   The motion for permission to file a late claim was made '' pursuant to Section 10 of the Court of Claims Act.''

Patently, if the limitation of time provided for by the legislation of 1928 is controlling, the claimant is not properly in court.   However, claimant has moved under section 10 of the Court of Claims Act, to which she contends her proposed claim is subject.   The Court of Claims Act provides, in pertinent part:

"§ 10. Time of filing claims and notices of intention to file claims. No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim. * * *

" 4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.

" 5. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof ". It seems rather obvious from the quoted portions of section 10 that if the instant claim is subject to the provisions of subdivision 4, then it would follow that the proposed claim might be the subject of a motion pursuant to subdivision 5 to extend the time for filing. Subdivision 5 refers to the claimant who has failed to file a claim or notice of intention " as provided in the foregoing subdivision," and subdivision 4 is the only portion of the section which, it seems to me, could possibly be made applicable to the claim before us.

To hold with the respondent would mean (1) that the limitation of time in the crossing elimination statute is not controlling, and (2) either that the pertinent provisions of the Court of Claims Act control, having repealed the earlier legislation, or that both statutes are applicable, leaving the claimant to rest upon that one which, according to the occasion, benefits him most. We cannot so read the statutes. In the first place, any repeal of the provisions of the crossing elimination act should be accomplished by something more than implication. A legislative intent to repeal the apparently mandatory provision of the earlier act would have undoubtedly been unambiguously, if not explicitly, expressed.

Nor can we adopt the theory that the Legislature was merely amending the prior legislation by adding, in the Court of Claims Act, another measure of time limitation. The limitations of time provided by subdivision 4 (and, in fact, by the entire § 10) rest solely upon the date the claim *accrued*; the provision of the crossing elimination law sets an arbitrary date from which the

time limitation is to be computed, and refers not at all to the time the action accrued. It is our belief the arbitrary but definitely ascertainable date from which runs the time to file a claim such as we have here was selected with the intent and purpose of avoiding the uncertainties inherent in the determination of the time such a claim would accrue. The provisions of the then existing Court of Claims Act (§ 15) would have adequately covered the situation (as was relied upon in regard to claims for property appropriated — L. 1928, ch. 628, § 5, as amd.), and would have required no special limiting clause. That the Legislature intended something by its particular provision relative to claims for this sort of damage cannot be denied; we think it self-evident that the Legislature deemed it not wise to leave the time limitations dependent upon the vague and perhaps indefinite accrual date of such a claim. The crossing elimination statute, in other words, rejects the date of accrual in determining the time within which the claim may be filed and, it seems, advisedly so. For this reason we cannot subscribe to the interpretation of these conflicting statutes which would admit the existence and validity of two different Statutes of Limitation applicable to the same cause of action.

When, by the legislation of 1928, the State made itself liable for the type of damage sought by this claimant, it lifted the purely statutory liability heretofore imposed upon villages by section 159 of the Village Law. Definite time limitations were included in both statutes, which give the claimant a right unknown to the common law, and the later legislation (1928) made no reference to the then existing provisions of the Court of Claims Act by which the time within which to file might be extended by filing a notice of intention to file a claim. The time limitation imposed by section 6 of the crossing elimination law is in the nature of a condition precedent to the acceptance of jurisdiction by the Court of Claims. Under the circumstances, it is not presumed the amendments to the Court of Claims Act were intended to affect the provisions of the crossing elimination law.

We find it impossible to believe that, in enacting section 10 of the Court of Claims Act, the Legislature intended, in such an indefinite and inconclusive fashion, to either repeal the limiting provision of the crossing elimination act, or to so inconsistently amend or modify that law as to create an additional Statute of Limitations which would in effect defeat what we conceive to be the fundamental purpose of the earlier legislation. The conclusion is reached that the two statutes were intended to be and should be kept mutually exclusive.

It follows that, if subdivision 4 of section 10 of the Court of Claims Act is not applicable to the proposed claim, the authority vested in the court under the following subdivision does not embrace that claim. The order granting leave to file the claim should be reversed.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law, without costs of this appeal to either party, and motion denied, without costs.